IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| MARCUS Z. JONES, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:13-cv-0077 |
| BILLY WHITWORTH and ENOCH GEORGE, | ) Chief Judge Haynes |
| Defendants. | ) |

### ORDER

Plaintiff, Marcus Z. Jones, an inmate at the Maury County Jail, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants, Corrections Officer Billy Whitworth and Maury County Sheriff Enoch George (Docket Entry No. 1).

As an initial matter, the Court notes that Joshua Covell is also named as a plaintiff in the case caption and is listed as a plaintiff in the body of the complaint, but Covell did not sign the complaint nor submit an application to proceed *in forma pauperis*. The factual allegations in the complaint do not refer to him nor allege a violation of his rights nor seek relief for him. The allegations in the complaint reveal that Covell was a witness to the events about which Plaintiff Jones complains. The Court therefore **DISMISSES** Joshua Covell as a plaintiff in this action without requiring his application to proceed *in forma pauperis* and without assessing any portion of the filing fee against him. This dismissal does not constitute a "strike" against Covell for purposes of 28 U.S.C. § 1915(g).

Plaintiff Marcus Jones did submit an application to proceed *in forma pauperis* (Docket Entry No. 2). His application lacks the trust account statement normally required to be submitted with a prisoner's application to proceed as a pauper. 28 U.S.C. § 1915(a)(2). Plaintiff's

application, however, includes the notarized signature of a jail official attesting that Plaintiff has the sum of $0 on account to his credit at the Maury County Jail. In addition, the Court takes judicial notice that the Maury County Jail typically does not provide trust fund account statements to inmates. Accordingly, Plaintiff's application to proceed as a pauper (Docket Entry No. 2) is **GRANTED**.

Pursuant to 28 U.S.C. § 1915(b), Plaintiff is nonetheless assessed the $350.00 civil filing fee. The Administrator of the Maury County Jail is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when Plaintiff's monthly income exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this order to the Administrator of the Maury County Jail to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the Administrator must ensure that a copy of this order follows Plaintiff to his new place of confinement, for continued compliance herewith. All payments made pursuant to this order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

Having granted Plaintiff leave to proceed as a pauper, the Court is required by 28 U.S.C. § 1915(e)(2) to conduct an initial review of the complaint and to dismiss it *sua sponte*, prior to

service on the defendants, if the complaint fails to state a claim for which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). As set forth herein, the Court finds the complaint is subject to dismissal under this standard.

For a claim under 42 U.S.C. § 1983, Plaintiff must allege facts that a person acting under color of state law, deprived him of a right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n.3 (1984).

In his complaint, Plaintiff alleges that Defendant Whitworth intentionally sprayed Plaintiff with a cleaning product in his genital area and buttocks and the spray came in contact with Plaintiff's clothing. The spray contained bleach, but Plaintiff does not allege that he was physically harmed in any manner. Yet, Plaintiff alleges that another officer, who is not named as a defendant, commented: "that stuff will turn [your] penis white the color it should be." (Complaint at 5.) Plaintiff states that Officer Whitworth admitted his actions to the shift sergeant and several other individuals. Plaintiff insists that Whitworth's act was disrespectful and constituted a "hate crime" based on Plaintiff's race. (*Id.*)

Although Plaintiff does not expressly identify which of his rights he believes have been violated, Plaintiff's allegations implicate his rights under the Eighth Amendment's prohibition of "cruel and unusual" punishment and racial discrimination under the Equal Protection Clause of the Fourteenth Amendment.

For an Eighth Amendment claim, Plaintiff must allege that he suffered a physical injury. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. . . ."). "[E]ven though the physical injury required by § 1997e(e) for a § 1983 claim need not be significant, it must be more than *de minimis* for an

Eighth Amendment claim to go forward." *Jarriett v. Wilson*, 162 F. App'x 394, 400 (6th Cir. 2005). Here, Plaintiff does not allege that the cleaning solution containing bleach caused any physical injury. Plaintiff alleges only that he was treated disrespectfully by Defendant Whitworth who allegedly "hates [him] for no reason." (Complaint at 5.)

Assuming skin contact, a minor irritation or stinging is insufficient to state an Eighth Amendment violation. *See Corsetti v. Tessmer*, 41 F. App'x. 753, 755 (6th Cir. 2002) ("Although § 1997e(e) does not define 'physical injury,' the developing case law in this area reflects the view that, consistent with Eighth Amendment jurisprudence, the predicate injury need not be significant, but must be more than *de minimis*."). The fact that Plaintiff was sprayed in the genital area and teased in a sexually explicit manner does not alter the analysis, because minor incidents of sexual harassment do not violate the Eighth Amendment either. *Cf. Jackson v. Madery*, 158 F. App'x 656, 661 (6th Cir. 2005) (finding no Eighth Amendment violation where female guard rubbed and grabbed male prisoner's buttocks "in a degrading and humiliating manner during a 'shakedown'"); *Allen v. Johnson*, No. 02-31019, 2003 WL 21017401, at *1 (5th Cir. April 15, 2003) ("[E]ven if it is assumed that [defendant] touched him in a sexual manner during routine pat-down searches, [plaintiff] has not alleged sufficiently serious assaultive behavior or resulting injury to show a constitutional deprivation.").

"Allegations of verbal harassment and verbal abuse by prison officials toward an inmate do not constitute punishment within the meaning of the Eighth Amendment. Nor do allegations of verbal harassment rise to the level of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *See Johnson v. Moore*, 7 F. App'x 382, 384 (6th Cir. 2001) (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987)). As to the alleged racially tinged verbal harassment, Plaintiff did not name that officer as a defendant.

Accordingly, the Court concludes that Plaintiff's complaint fails to state a claim for which relief may be granted under 42 U.S.C. § 1983, and this action is **DISMISSED**.

This is the Final Order in this action. Any appeal of this Order would not be in good faith, as required by 28 U.S.C. § 1915(a)(3).

It is so **ORDERED**.

**ENTERED** this the 22nd day of August, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court